William R. Keeler, Esq.
Keeler & Keeler, LLP
108 East Aztec Ave.
Gallup, New Mexico 87301
(T) 505-722-5608
(F) 505-722-5614
Attorneys for Plaintiffs
NM Bar # 9451

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **ETHELYN YAZZIE on Behalf of S.M., Minor Child,** ) ) ) **NELLIE YAZZIE on Behalf of S.B., Minor Child** ) ) ) Plaintiffs, ) ) vs. ) ) ) **THE UNITED STATES OF AMERICA, DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS, PUEBLO PINTADO COMMUNITY SCHOOL, JOHNSON ANTONIO, ROSE ANN TSOSIE, KARLA A. BROWN AND ZAC J. BROWN** ) ) ) ) ) ) ) ) Defendants | **Case No**.: _____ |

## COMPLAINT FOR RECOVER DAMAGES FOR PERSONAL INJURIES RESULTING FROM AN AUTO ACCIDENT ARISING UNDER THE FEDERAL TORT CLAIMS ACT PURSUANT TO 28 U.S.C. § 2671 ET SEQ.

Plaintiffs by and through their Attorneys, William R. Keeler, Esq. (Keeler & Keeler, LLP.) and for their complaint against the Defendants, United States of America, Department of Interior and Bureau of Indian Affairs, Pueblo Pintado Community School, Johnson Antonio,

Rose Ann Tsosie, Karla A. Brown and Zac J. Brown and for their cause of action, states and alleges:

1. This is an action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. (hereafter the "FTCA") for money damages for personal injuries to the minor children, S.M. and S.B. as a result of an auto accident on June 2, 2011.

**PARTIES AND JURISDICTION**

2. At all relevant times, Ethelyn Yazzie is the parent and legal guardian of S.M., minor child.

3. At all relevant times, Nellie Yazzie is the parent and legal guardian of S.B., minor child.

4. Defendant The United States of America is a sovereign nation.

5. Defendant United States of America, the Department of the Interior ("DOI") and the Bureau of Indian Affairs ("BIA"), are all federal agencies, who are amenable to suit pursuant to the Federal Tort Clams Act ("FTCA").

6. At all relevant times, Defendant Johnson Antonio was an employee of Pueblo Pintado Community School and the Bureau of Indian Affairs.

7. Upon information and belief Defendant Karla A. Brown was the registered owner of the 2000 Kia Sportage bearing New Mexico Plates 966NDD.

8. Upon information and belief Defendant Zac J. Brown was a registered owner of the 2000 Kia Sportage bearing New Mexico Plates 966NDD.

9. Upon information and belief Defendant Rose Ann Tsosie was the driver of the 2000 Kia Sportage bearing New Mexico Plates 966NDD.

10. This court has jurisdiction over the parties and subject matter Pursuant to 28 U.S.C. §1346 (b) and the Constitution of the United States.

11. All acts and omissions within the State of New Mexico, making the venue proper over the parties and claims for relief in the United States District Court for the District of New Mexico 28 U.S.C. § 1391(e), and all events complained of herein occurred in the vicinity of Torreon, Sandoval County, New Mexico.

12. A federal form 95 asserting the claim of plaintiffs detailed herein was sent on the 13th day July, 2012 via certified mail to U.S. Department of Interior Assistant Solicitor, Navajo Regional Office BIA, and Bureau of Indian Affairs Eastern Navajo Agency. The Assistant Solicitor; the claim was denied by Patricia Reedy, Acting Regional Solicitor, through a letter dated 6 September, 2012.

13. A reconsideration letter with supported documentation was mailed certified mail to Patricia Reedy, Acting Regional Solicitor with return receipt requested on February 22, 2013.

14. A second denial letter was received on March 4, 2013.

15. Process may be served, pursuant to Fed. R. Civ. P. 4(i)(1) by (a) delivering a copy of the summons and complaint by registered or certified mail to the Acting United States Attorney for the District of New Mexico Steven C. Yarbrough c/o Civil Process Clerk, whose address is P.O. Box 607, Albuquerque, New Mexico 87102, (b) by sending a copy of the summons and complaint by registered or certified mail to the Hon. Eric H. Holder, Jr. Attorney General of the United States Department of Justice, 950 Pennsylvania Ave. NW, Washington, D.C. 20530-0001, (c) by sending a copy of the summons and complaint by registered or certified mail to the Hon. Ken Salazar, Secretary, United States Department of Interior, 1849 C. St. NW, Washington, DC 20240, (d) by sending a copy of the summons and complaint by registered or

certified mail to the United States Department of the Interior, Office of the Solicitor, Southwest Regional Office, 505 Marquette Avenue NW, Suite 1800, Albuquerque, New Mexico 87102 (e) by sending a copy of the summons and complaint by registered or certified mail to Pueblo Pintado Community School, HCR 79 Box 80 Cuba, New Mexico 87013, (f) by sending a copy of the summons and complaint by registered or certified mail to Johnson Antonio, HCR 79 Box 3102, Cuba New Mexico 87013, (g) by sending a copy of the summons and complaint by registered or certified mail to Rose Ann Tsosie by sending a copy of the summons and complaint by registered or certified mail to #20 Pinehill Ave, Cuba, New Mexico 87013., (h) by sending a copy of the summons and complaint by registered or certified mail to Zac J. Brown by sending a copy of the summons and complaint by registered or certified mail to P.O. Box 3636, Milan, New Mexico 87021., (i) by sending a copy of the summons and complaint by registered or certified mail to Karla A. Brown by sending a copy of the summons and complaint by registered or certified mail to P.O. Box 3636, Milan, New Mexico 87021.

## COUNT I
## NEGLIGENCE OF DEFENDANT ROSE ANN TSOSIE

16. Plaintiff realleges and incorporates by reference all allegations pled in Paragraphs 1 through 15 as though the same were specifically pled herein.

17. On June 2, 2011, Rose Ann Tsosie was operating a Blue Kia Sportage on New Mexico Highway 197 owned by Karla A. Brown and Zac J. Brown.

18. Rose Ann Tsosie crossed the center lane of New Mexico Highway 197 at mile marker 30 and stuck a 2009 International Yellow Bus driven by Johnson Antonio.

19. After hitting the school bus, Rose Ann Tsosie and her passenger Robert Trujillo Jr. fled the scene.

20. Police officers found Rose Ann Tsosie and Robert Trujillo Jr. hiding and both carrying several containers of alcohol.

21. Rose Ann Tsosie and Robert Trujillo Jr. were brought back to the scene of the accident where Robert Trujillo Jr. was placed under arrest for an outstanding warrant and Rose Ann Tsosie was arrest for Driving under the influence of intoxicating liquor, reckless driving, accident involving personal injury, no driver's license, driving left of center and numerous other charges.

22. The acts and omissions of Defendant Rose Ann Tsosie were negligent and negligent per se.

23. Rose Ann Tsosie had a duty to operate the Kia Sportage in a safe reasonable and prudent manner and failed to do so breaching her duty.

24. As a direct, foreseeable and proximate consequence of the negligent and negligent per se of Rose Ann Tsosie, a collision with the school bus occurred, resulting in injury to Plaintiff's S.B. and S.M.

25. As a consequence of the collision, Plaintiff's S.B. and S.M. suffered injuries.

## COUNT II
## NEGLIGENCE OF JOHNSON ANTONIO

26. Plaintiff realleges and incorporates by reference all allegations pled in Paragraphs 1 through 25 as though the same were specifically pled herein.

27. On the 2nd day of June, 2011, the Defendant Johnson Antonio was employed by the Pueblo Pintado Community School and Bureau of Indian Affairs.

28. Defendant Johnson Antonio was operating a 2009 International school bus hereafter referred as ("school bus") bearing the license plate #G320299F owned by the United States and acting with in the authority, scope and course of his employment, in his official capacity as an

employee of the United States, the DOI and the BIA and in furtherance of the United States', DOI's and BIA's business with the Plaintiffs S.M. and S.B. as passengers.

29. At all times material hereto, Defendant United States of America operated and managed the Bureau of Indian Affairs, Pueblo Pintado Community School and the 2009 school bus bearing the license plate #G320299F.

30. Defendant Johnson Antonio was operating the school bus in a westbound direction on NM Highway 197, at approximately 2020 hours, at milepost 30.

31. Defendant Johnson Antonio had a duty to operate the school bus in a safe, reasonable, and prudent manner under the circumstances.

32. Defendant Johnson Antonio failed to exercise reasonable care while operating the school bus in furtherance of the DOI's and BIA's businesses.

33. Defendant Johnson Antonio breached his duty by failing to operate the vehicle in a safe, reasonable and prudent manner under the circumstances and without limitations, Defendant Johnson Antonio lost control of the bus causing the bus to roll over.

34. At all relevant times Plaintiff S.M. and S.B. had a right to liberty of their person and to have their person to be free from injury.

35. The defendant United States of America's employee or those deemed to be its employee acted under circumstances where the United States of America would be liable to plaintiffs if it were a private person under the laws of the State of New Mexico.

36. As a direct and proximate result of Johnson Antonio's act, the Plaintiffs sustained injuries.

37. These injuries, and their sequelae, have required the plaintiffs to secure necessary treatment, and for their, or subrogated parties, to incur the reasonable costs of that treatment, and transportation to, and from, the same, and will continue to do so in the future.

## COUNT III
## NEGLIGENCE OF THE UNITED STATES AND BUREAU OF INDIAN AFFAIRS

38. Plaintiff realleges and incorporates by reference all allegations pled in Paragraphs 1 through 37 as though the same were specifically pled herein.

39. At all times material hereto, Defendant United States of America operated and managed the Bureau of Indian Affair's, Pueblo Pintado Community School and the 2009 school bus bearing the license place #G320299F.

40. It is foreseeable that a collision between the school bus that is the subject of this suit and the Kia Sportage vehicle as alleged above may occur.

41. It is also foreseeable that a vehicle such as the Kia Sportage, and the owners and/or operators of the Kia vehicle may not have liability insurance to cover the injuries of Plaintiff S.M. and S.B.

42. The United States and Bureau of Indian Affairs as the manger and operator of the Pueblo Pintado Community School and the school bus involved in the accident that is the subject of this suit has a duty to provide protection should the children of the bus suffer injuries in the manner as alleged above.

## COUNT IV
## NEGLIGENT ENTRUSTMENT

43. Plaintiff realleges and incorporates by reference all allegations pled in Paragraphs 1 through 42 as though the same were specifically pled herein.

44. Defendants Karla A. Brown or Zac J. Brown are the owners of the 2000 Kia Sportage entrusted to Defendant Rose Ann Tsosie at the time of the accident alleged above.

45. Karla A. Brown or Zac J. Brown permitted Rose Ann Tsosie to operate the 2000 Kia Sportage.

46. Defendants Karla A. Brown or Zac J. Brown should have known that Rose Ann Tsosie would operate the Kia Sportage in such a manner as to create unreasonable risk of harm to others.

47. As alleged above, Rose Ann Tsosie was negligent in the operation of the Kia Sportage vehicle owned by Karla A. Brown or Zac Brown.

48. As a result of the negligence of Rose Ann Tsosie, Plaintiff's S.M. and S.B. suffered injuries.

WHEREFORE, Plaintiffs pray for judgment against all Defendants be awarded in an amount reasonable necessary to compensate the Plaintiffs damages and injuries as follows:

1. For compensable damages and costs;

2. For taxable cost as allowed;

3. Pain and suffering;

4. Medical costs;

5. Reduced enjoyment of life;

6. General and special damages;

7. Attorney's fee and costs;

8. Other damages the Court deems proper

Respectfully Submitted,

_/s/ William R. Keeler_____
William R. Keeler
Keeler & Keeler, LLP
108 East Aztec Ave.
Gallup, New Mexico 87301
(T) 505.722.5608
(F) 505.722.5614
Attorneys for Plaintiff